**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0924-17T3

SOOKRAM SUNDERDAT,

    Plaintiff-Appellant,

v.

SAMUEL M. MANIGAULT and
BOARD OF TRUSTEES, NEWARK
HOUSING AUTHORITY,

    Defendants-Respondents,

and

NAZIR MUHAMMED and FAHIYM
MUHAMMED,

    Defendants.

_____

        Submitted November 14, 2018 – Decided November 28, 2018

        Before Judges Fisher and Suter.

        On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4266-16.

        Eldridge Hawkins LLC, attorneys for appellant (Eldridge T. Hawkins, on the brief).

Ogletree, Deakins, Nash, Smoak & Stewart, PC, attorneys for respondents (Richard C. Mariani and Jason W. Isom, on the brief).

PER CURIAM

In this appeal, we consider an order that transferred this action to the Civil Service Commission without prejudice to plaintiff's future pursuit of his pleaded claims to the extent not precluded by the Commission's disposition. Finding no error in the orders under review, and no merit in plaintiff's other arguments, we affirm.

Plaintiff Sookram Sunderdat, a former civil service employee of defendant Newark Housing Authority, was suspended in June 2014 and served, in October 2014, with a disciplinary notice charging him with a theft. According to the pleadings, departmental hearings occurred on three nonconsecutive days in late 2014, but no decision or final notice of discipline ever issued. Plaintiff later commenced this action, alleging in an amended complaint[1]: (a) a wrongful discharge from employment, (b) an intentional interference with economic advantage, (c) a violation of the implied covenant of good faith and fair dealing,

---

[1] Plaintiff included only the first page of his original complaint in the appendix, so it is not clear to us what might have been originally alleged.

A-0924-17T3

(d) a civil rights violation under the state constitution and N.J.S.A. 10:6-2(c), (e) a civil conspiracy among the defendants,[2] and (f) defamation.

After the amended complaint was filed, the remaining defendants – the Authority and Samuel M. Manigault[3] – moved under Rule 1:13-4(a) for a transfer of the action to the Civil Service Commission. The trial judge granted the motion to transfer; his order also dismissed the amended complaint without prejudice.[4] The judge later denied plaintiff's motion for reconsideration.

Plaintiff appeals, arguing:

> I. THE TRIAL COURT FAILED TO COMPLY WITH R. 1:7-4 AS IT PLACED NO REASONS ON THE RECORD, MAKING IT DIFFICULT TO UNDER-STAND WHY THE COURT RULED AS IT DID.

---

[2] The individual defendants were alleged to be officers or employees of the Authority.

[3] The claims against the individual defendants were dismissed for lack of prosecution. When plaintiff was permitted to file an amended complaint he was also permitted to reinstate his action against Manigault.

[4] Obviously, the judge did not, as his order might suggest, transfer an action that was dismissed. The judge's comments, written at the bottom of the order, reveal an intent to transfer questions about plaintiff's employment to the Commission, not the civil causes of action that were dismissed without prejudice. We assume the judge intended that once the issues falling within the Commission's expertise were resolved, plaintiff would have the right to pursue again any of the claims in the amended complaint not precluded or eviscerated by the Commission's disposition.

A-0924-17T3

II.  [THE]  LAW  DIVISION  HAS  EXCLUSIVE JURISDICTION  OVER  AN  NJLAD  FILED  CASE PRIOR  TO  A  HEARING  AND  FINAL  ADMINI-STRATIVE  DECISION  OF  THE  STATE  ADMINI-STRATIVE  AGENCY.

III. DEFENDANT'S MOTION [TO TRANSFER] HAS NO VALID BASIS.

IV. [THE TRIAL JUDGE'S] HABITUAL FORWARD-ING  TO  THE  UNDERSIGNED  THE  COURT ORDERS  GRANTING  THE  ADVERSARY'S REQUESTED  RELIEF  IN  A  LATE  FASHION  IS EVIDENTIARY OF THE COURT'S PREDILECTION AGAINST THE UNDERSIGNED COUNSEL.

We find insufficient merit in these arguments to warrant further discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We add only a few comments.

A court may transfer an action to another forum when the court either lacks jurisdiction over the action "or [an] issue therein."  R. 1:13-4(a).  The transfer order under review demonstrates that the judge recognized there were uncertainties about the administrative proceedings that preceded this suit and the issues regarding this civil service employee that fell within the expertise of the Commission.

Indeed, most perplexing are the facts that the disciplinary proceedings – as both sides acknowledge – were never completed.  Consequently, there is considerable doubt about the status of plaintiff's relationship to the Authority.

4

Even plaintiff seems unsure. At times in his amended complaint, plaintiff claims he was terminated in June 2014, and he pleaded a wrongful discharge count, which presupposes a termination, but, in the same pleading, plaintiff alleged other facts that appear inconsistent with termination. That is, in one paragraph, plaintiff alleged he "was an employee in good standing with . . . [the] Authority when he was terminated . . . on June 26, 2014." In another, he asserted "defendants . . . wrongfully and unlawfully 'terminated' [him] . . . under pretextual reasons of 'immediate suspension.'" And in yet another, he alleged he "is still not legally terminated and continues in an unlawful suspension." We assume the judge had these ambiguities in mind, and perhaps others, when he wrote at the bottom of the transfer order that there was a need for development of a factual record in the Commission. We conclude that the judge's transfer order represented a sound and sensible approach to the ultimate disposition of plaintiff's claims that also gives deference to the Commission's expertise.

In Muise v. GPU, Inc., 332 N.J. Super. 140, 161 (App. Div. 2000), we said that when a suit "presents some issues that are within an agency's special expertise and others which are not, the proper course is for the court to refer the former to the agency, and then to apply the agency's findings or conclusions to its determination of the remaining issues." We assume that, although not

A-0924-17T3

expressed in those words, the trial judge intended this same approach here; indeed, that was a sound approach because the transfer: (1) "ensures [the] claims will be heard, as a preliminary matter, by [an agency] possessing expertise in the area," City of Atlantic City v. Laezza, 80 N.J. 255, 265 (1979); (2) allows for consistent interpretation and application of the agency's regulations, Richardson v. Standard Guar. Ins. Co., 371 N.J. Super. 449, 475 (App. Div. 2004); (3) permits creation of a factual record, Laezza, 80 N.J. at 265; and (4) may ultimately lead the parties to conclude that the agency decision is satisfactory, thereby "obviat[ing] resort to the courts," ibid.

We conclude the transfer order represents a principled and practical approach to a fair and proper disposition of plaintiff's claims.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0924-17T3